Argued February 15, reversed March 7, 1950

## FRED MEYER, INC. *v.* MAGNUSON ET UX.
### 215 P. (2d) 388

*C. O. Fenalson,* of Portland, argued the cause and filed a brief for appellants.

*George W. Mead,* of Portland, argued the cause and filed a brief for respondent.

Before LUSK, Chief Justice, and BRAND, ROSSMAN, HAY and LATOURETTE, Justices.

LATOURETTE, J.

This is a proceeding brought to obtain a declaratory judgment construing a ten-year lease between the parties which became effective July 1, 1942, the claim of respondent, hereinafter called "lessee," being that it is entitled to a ten-year extension under the lease. The lower court sustained lessee's contention. Appellants, lessors, appeal.

To properly determine this matter, the following provisions of the lease must be considered:

"It is understood that Meyer now plans to wreck the existing building and to build a new building in its place soon after the commencement of the term of the lease, but that it is possible, due to the existing national emergency, that Meyer will be unable to obtain the fixtures or materials necessary for the contemplated construction and improvements. Accordingly, it is agreed that if Meyer decides to undertake such new construction and is prevented from proceeding with or completing same, the terms of this lease shall be extended for a period of time equal to the period of such delay to the end that upon the completion of such construction, Meyer will have a term of substantially ten years in which to derive the benefits of the expenditures made by it in connection with such construction."

Lessee in its complaint alleges, among other things, that:

"* * * due to the existing national emergency which arose shortly after the execution of the lease (it) has been unable to obtain the fixtures and materials necessary for the contemplated construction and improvements until on or about June 30, 1947."

Lessors in their answer, after denying the above, set up four affirmative defenses, among which it is alleged that lessee could have erected a building or improvements on the premises during the period involved and was not prevented from so doing by the national emergency, and that lessee was well aware of the circumstances but did nothing in the way of making such improvements.

The appellants' brief is replete with assignments of error, points and authorities, but in our opinion, the issue narrows down to the simple proposition of whether lessee was able to obtain fixtures or materials necessary for the contemplated construction and improvements as alleged. In passing, it may be observed that no construction has as yet been undertaken on said premises.

The important period of time to be considered is between August 14, 1945, and March 26, 1946, because during that period the national restrictions on building brought about by the war situation were lifted by the government.

The evidence indicates that lessee planned to build a filling station on said premises, and also discloses that during the seven-months' unrestricted period lessee constructed a warehouse covering three acres of land in the city of Portland with plumbing materials,

pipes and other fixtures being installed in such warehouse.

It is borne out by the evidence that during this free period the Portland Meadows, a racetrack concern, was in the process of constructing buildings and other improvements in the Portland area.

It further appears from the evidence that the Northwest Oil Company, which supplied lessee with its gasoline requirements, had a supply of gasoline pumps and tanks, and that had lessee made a request for pumps and tanks for a service station, such company was in a position to supply them, but that lessee made no requests of such company for any equipment. The evidence also shows that a number of gasoline stations were erected in Portland during this period, and that lessee had several service stations which were not being operated from whence equipment could have been secured.

■ Had lessee desired to build a filling station upon the property involved during the period in question, it is our opinion that it would have been able to procure the equipment necessary for such construction.

■ Under the terms of the lease, it was the duty of lessee, in order to avail itself of the ten-year extension, to make such improvements on the premises within a reasonable time after materials were available, and having failed to make such improvements within said unrestricted period when materials were available, it waived and forfeited its right to the ten-year extension of the lease.

The decree of the lower court is reversed, and it is directed to enter a decree in conformity with this opinion, with costs and disbursements in favor of lessors.